UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-11885-MCS-MAR** | Date | February 24, 2026 |
| Title | ***Ramirez Santana v. Thor Motor Coach, Inc.*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: DEFENDANT'S OSC RESPONSE AND PLAINTIFF'S MOTION TO REMAND (ECF NOS. 12, 13), AND ORDER IMPOSING SANCTIONS, REQUIRING PLAINTIFF'S COUNSEL TO SHOW CAUSE RE: FURTHER SANCTIONS, AND VACATING SCHEDULING CONFERENCE**

Plaintiff Ricardo Ramirez Santana moves to remand this action to the Los Angeles County Superior Court. (Mot., ECF No. 13.) Defendant Thor Motor Coach, Inc., opposed. (Opp'n, ECF No. 14.) The Court scheduled the motion to be heard on February 23, 2026, at 10:00 a.m. (Text Only Entry, ECF No. 16.) Counsel for Plaintiff did not appear.

Also before the Court is Defendant's response to an order to show cause why this case should not be remanded for failing to demonstrate an amount in controversy exceeding $75,000. (OSC, ECF No. 8; Resp., ECF No. 12.)

## I.    BACKGROUND

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). According to the complaint, Plaintiff obtained a new 2025 Thor Four Wind RV ("Vehicle") that came with various defects and warranty nonconformities.

**CIVIL MINUTES – GENERAL**    Initials of Deputy Clerk SMO

(Compl. ¶¶ 8–9, ECF No. 1-1.) Defendant was unable to repair the defects when Plaintiff presented the Vehicle for repair. (*Id.* ¶¶ 21–22.) The complaint seeks general, special, actual, consequential, and incidental damages, a civil penalty, costs of suit, attorney's fees, interest, and any other relief deemed proper. (*See id.*, Prayer for Relief.)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 25NWCV04056. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II.     MOTION TO REMAND

### A.     Legal Standard

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

### B.     Discussion

The Court deems Plaintiff's failure to appear at the hearing his consent to the denial of the motion. C.D. Cal. R. 7-14. The Court independently denies the motion on the merits.

The amount in controversy is not clear from the face of the complaint. Plaintiff fails to allege anywhere in the complaint the amount of damages he seeks, let alone whether the amount sought exceeds $75,000, *cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.* Generally, "the actual price paid or payable by the buyer includes only *paid* finance charges," not finance charges that have yet to accrue. *Farrales v. Ford Motor Co.*, No. 21-cv-07624-HSG, 2022 U.S. Dist. LEXIS 76768, at *9 (N.D. Cal. Apr. 27, 2022) (citing *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37–39 (2000)). Accordingly, an estimate of the finance charges paid to date is normally necessary to calculate the price paid or payable under the statute. *See, e.g.*, *Gallardo Sanchez v. FCA US, LLC*, No. 2:26-cv-00133-MCS-MAR, 2026 U.S. Dist. LEXIS 26406, at *4 (C.D. Cal. Feb. 6, 2026) (Scarsi, J.) (concluding that defendant failed to establish damages beyond speculation where defendant, among other things, failed to provide an estimate of finance charges paid to date); *Heinzel v. FCA US, LLC*, No. 2:25-cv-10530-MCS-DFM, 2025 U.S. Dist. LEXIS 234280, at *4 (C.D. Cal. Nov. 25, 2025) (Scarsi, J.) (same). However, here, Defendant contends that the amount in controversy is satisfied even without taking into account any paid finance charges. (Resp. 6; Opp'n 6.) In instances where accrued finance charges are unnecessary to calculate the amount in controversy, courts have "conclud[ed] that it is . . . appropriate to use the total cash price listed in" the retail installment sales contract as a conservative estimate of damages. *Luna v. FCA US LLC*, No. 21-CV-01230-LHK, 2021 U.S. Dist. LEXIS 202421, at *20 (C.D. Cal. Oct. 20, 2021); *accord Messih v. Mercedez-Benz USA, LLC*, No. 21-cv-03032-WHO, 2021 U.S. Dist. LEXIS 118412, at *11 (N.D. Cal. June 24, 2021) ("Courts . . . have found total cash price appropriate in calculating actual damages sought under the Song-Beverly Act.").

Defendant estimates Plaintiff's actual damages based on the cash price of the Vehicle listed in the retail installment sale contract, less sales tax, certain fees, and optional service contracts, resulting in an estimate of $116,097.32. (Notice of Removal 2–3; Resp. 2.) In addition, Defendant estimates that Plaintiff's damages are subject to a mileage offset of $1,673.74, resulting in an actual price paid of $114,428.58. (Resp. 8; Opp'n 8.) Plaintiff does not contest Defendant's mileage offset calculations. Accordingly, Defendant argues, the amount in controversy is satisfied from Plaintiff's actual damages alone. (Resp. 3.)

In his motion to remand, Plaintiff argues that the "actual price paid or payable" under the SBA is only $29,285.30, consisting of a $20,000 down payment and $9,285.30 in payments to date. (Mot. 6–7.)[1] In support of his argument, Plaintiff asserts that his recovery is limited to the amount actually paid to the seller, not the purchase price of the vehicle. (*See id.* (citing *Pizano v. FCA US LLC*, No. 2:21-cv-06193-RGK-MAA, 2021 U.S. Dist. LEXIS 148058, at *2–3 (C.D. Cal. Aug. 6, 2021)).) However, Plaintiff's argument appears to be premised on caselaw concerning leases under the SBA, not vehicle purchases. For cases involving leases, "district courts in this circuit consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." *Cuevas v. Ford Motor Co.*, No. CV 22-1520-DMG (MAAx), 2022 U.S. Dist. LEXIS 85607, at *5 (C.D. Cal. May 11, 2022) (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002)). "Thus, a lease situation differs from a purchase inasmuch as the actual amount paid on the lease . . . could vary widely . . . ." *Id.*; *cf. Luna*, 2021 U.S. Dist. LEXIS 202421, at *21 (observing that *Brady*'s conclusion that a plaintiff's recovery is limited to the actual payment amount to the seller was "in the context of a lease and does not apply when plaintiff purchased the vehicle" (internal quotation marks omitted)).

Given that a vehicle purchase is at issue at here, Plaintiff's recovery is not limited merely to the amount actually paid to the seller. Rather, the total cash price of the vehicle calculated by Defendant, as reduced by the mileage offset, is an appropriate estimate of Plaintiff's damages here. *See, e.g.*, *Luna*, 2021 U.S. Dist. LEXIS 202421, at *22; *Farrales v. Ford Motor Co.*, No. 21-cv-07624-HSG, 2022 U.S. Dist. LEXIS 76768, at *9 (N.D. Cal. Apr. 27, 2022). Accordingly, Plaintiff's actual damages are approximately $114,428.58.

---

[1] Pinpoint citations refer to the pagination assigned by CM/ECF.

Because Plaintiff's actual damages likely exceed $75,000, the Court declines to evaluate the measure of a civil penalty or attorneys' fees. The Court concludes that Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### C.    Conclusion

The motion to remand is denied. The Court discharges its order to show cause regarding the amount in controversy.

## III.    ORDER TO SHOW CAUSE

Counsel for Plaintiff did not appear at the hearing on the motion to remand. In addition, the Court ordered lead trial counsel to appear at the scheduling conference, which was also scheduled for the same time as the motion hearing on February 23, 2026, at 10:00 a.m. (*See* Order Setting Scheduling Conference § II(c), ECF No. 10; *see also* Initial Standing Order § 2, ECF No. 7.) Emily Mayers and Lauren Warwick, counsel for Plaintiff, did not appear.

If a party fails to appear at a scheduling conference, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred." Fed. R. Civ. P. 16(f)(2). Accordingly, the Court orders Plaintiff's counsel to pay Defendant the reasonable expenses it incurred because of counsel's nonappearance, including but not limited to attorney's fees incurred to attend the hearing. If the parties agree on the measure of the sanction, Plaintiff's counsel shall pay the agreed sum, and the parties shall file within 14 days a joint statement indicating Plaintiff's counsel completed the payment. If the parties cannot agree on the measure of the sanction, Defendant instead may file within 21 days a motion for an award of expenses. Any such motion may seek an award for fees incurred to file the motion.

The Court orders Plaintiff's counsel to show cause why further sanctions should not be imposed, including but not limited to dismissal, Fed. R. Civ. P. 16(f)(1), 37(b)(2)(A)(v), and monetary sanctions payable to the Clerk in the amount of $300, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). Plaintiff's counsel shall respond within 14 days. Failure to file a timely and satisfactory response will result in imposition of further sanctions without further notice.

///

The scheduling conference is vacated. A scheduling order will issue.

**IT IS SO ORDERED.**